UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:10-CV-444-RJC-DSC

| ANDREA B. CLAY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Defendant Michael J. Astrue, joined by Plaintiff's counsel, moves this Court, pursuant to 42 U.S.C. section 405(g),[1] to enter a judgment reversing the Commissioner's decision with a remand of the cause to the Commissioner for further administrative proceedings.

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. section 405(g), and in light of the Commissioner's and Plaintiff's request to remand this action for further proceedings, **IT HEREBY ORDERED THAT:**

1. The Commissioner's decision is **REVERSED AND REMANDED** to the Commissioner for further proceedings, pursuant to 42 U.S.C. § 405(g). Upon remand to the Commissioner, the administrative law judge is instructed to further consider Plaintiff's credibility and provide rationale for his credibility finding that is grounded in the evidence of record. The administrative law judge is further

---

[1] 42 U.S.C. § 405 states, in relevant part: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

instructed to reassess and update all the medical evidence and then issue a new decision.

2. The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA"). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under EAJA in this matter.

Signed: June 9, 2011

Robert J. Conrad, Jr.
Chief United States District Judge